UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 14-20119

v.

Honorable Nancy G. Edmunds

DAVID LAMAR GAY,

Defendant.
_______________________________/

**ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S 28 U.S.C. § 2255 MOTION AS UNTIMELY [520] [516]**

On April 28, 2017, Defendant David Lamar Gay moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. 516.) The Court then ordered the Government to respond by June 28, 2017 and Defendant to reply by July 19, 2017. (Dkt. 519.) On May 9, 2017, the Government moved to dismiss Defendant's motion as untimely. (Dkt. 520.) Now Defendant's deadline for replying, July 19, 2017, has passed without a reply. Finding that Defendant has had a fair opportunity to reply to the Government's motion to dismiss, and for the reasons below, this Court GRANTS the Government's motion and DISMISSES Defendant's § 2255 motion as untimely.

## I. Background

On June 23, 2015, Defendant pled guilty to RICO conspiracy and signed a written plea agreement. (Dkt. 281.) After this Court entered judgment, Defendant filed a notice of appeal. (Dkt. 406; Dkt. 408.) Defendant then moved voluntarily to dismiss his appeal, and, on January 6, 2016, the Sixth Circuit granted his motion and issued an order dismissing the appeal. (Dkt. 411.) Defendant did not file a petition for a writ of certiorari.

## II. Analysis

A one-year period of limitation for filing a § 2255 motion runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant takes an unsuccessful direct appeal from a judgment of conviction, the judgment becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Under 28 U.S.C. § 2101(c), a defendant has ninety days after a federal court of appeals enters judgment to file a petition for a writ of certiorari.

Here, the Sixth Circuit issued an order dismissing Defendant's appeal on January 6, 2016, which gave him until April 6, 2016 to file his petition for a writ of certiorari. 28 U.S.C. § 2101(c). Defendant did not seek certiorari, so his deadline for filing a § 2255 motion was April 6, 2017. *See* 28 U.S.C. § 2255(f)(1)*; Clay*, 537 U.S. at 525. Defendant's § 2255 motion was signed and dated April 22, 2017, and it was filed with the Clerk's office and docketed on April 28, 2017. It is therefore untimely.

And though he has not raised the issue, Defendant is not entitled to equitable tolling of the limitations deadline. A § 2255 movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Here, Defendant has not demonstrated either element. Even if this Court assumes that Defendant was unaware of the limitations deadline, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citation omitted). His motion must be dismissed as untimely. *See Jurado v. Burt*, 337 F.3d

638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

**III. Certificate of Appealability**

A Certificate of Appealability (COA) must issue before a § 2255 movant may appeal the final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1)(B). When a district court denies a § 2255 motion "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). This Court concludes that reasonable jurists would not find it debatable whether Defendant's motion is timely. Therefore, the Court declines to issue a certificate of appealability.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS the Government's motion to dismiss, DISMISSES Defendant's § 2255 motion as untimely, and DECLINES TO ISSUE a Certificate of Appealability.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 25, 2017, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager