UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 14-20119

v.

Honorable Nancy G. Edmunds

DAVID LAMAR GAY,

    Defendant.
                                      /

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [522]**

On July 25, 2017, the Court dismissed Defendant David Lamar Gay's 28 U.S.C. § 2255 motion because (1) it was untimely and (2) Defendant had not shown that he was entitled to equitable tolling. (Dkt. 521.) Defendant now seeks reconsideration of that dismissal. (Dkt. 522.) For the reasons below, his motion for reconsideration is DENIED.

Under Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order. Although a court has the discretion to grant such a motion, it generally will not grant one that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To succeed on the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Defendant seeks reconsideration on two grounds. First, he claims that he did not have a fair opportunity to reply to the Government's motion to dismiss his § 2255 motion as untimely because the Government never served him a copy of its motion. (Dkt. 522, at 2.) The last page of the Government's motion, however, contains a certificate of service in which the Government attests to filing the motion and serving a copy on Defendant through the U.S. mail. (Dkt. 520, at 4.) Furthermore, the address to which the Government mailed this filing was the same one from which Defendant sent his motion for reconsideration. (Dkt. 522, at 7.)

Even if the Court assumes that Defendant was improperly served, it would not amount to "a palpable defect by which the court . . ha[s] been misled," which, if corrected, would "result in a different disposition of the case." E.D. Mich. L. R. 7.1(h). Defendant's § 2255 motion remains untimely, and Defendant still has not established the elements required for equitable tolling. As stated in the Court's previous order, Defendant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). Defendant has not alleged -- let alone demonstrated -- either of these elements. The Government's motion to dismiss was filed after Defendant missed his § 2255 deadline, so it could not have contributed to the untimely filing. Reconsideration is not warranted on this ground.

Second, Defendant argues that he is entitled to a ruling on the merits because his § 2255 motion raises a jurisdictional challenge to the underlying criminal matter. (Dkt. 522, at 4.) "The courts have uniformly rejected this contention, however, observing that § 2255 itself expressly contemplates challenges to a sentencing court's jurisdiction without in any

way indicating that these particular sorts of attacks need not be brought within the statute's one-year period of limitation." *United States v. Hicks*, 2009 WL 1620430, at *1 (E.D. Mich. June 9, 2009); *see also United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) ("Jurisdictional claims are subject to the one-year limitations period for § 2255 claims."); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255."). Accordingly, Defendant's jurisdictional challenge is not exempt from the limitations deadline, and reconsideration is not warranted on this ground. Because both of Defendant's arguments lack merit, his motion for reconsideration is DENIED.

      SO ORDERED.

                S/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: August 15, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 15, 2017, by electronic and/or ordinary mail.

                S/Carol J. Bethel
                Case Manager