UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID LAMAR GAY, D-9,

    Defendant.

_____/

Case No. 14-cr-20119

Honorable Nancy G. Edmunds

**ORDER DENYING PRO SE MOTIONS [581, 604, 612, 616]**

Defendant David Lamar Gay is currently in the custody of the Federal Bureau of Prisons ("BOP"). The matter is before the Court on Defendant's *pro se* motion for compassionate release and three *pro se* letter motions related to the applicable sentencing guidelines and his sentencing calculation. (ECF Nos. 581, 604, 612, 616.) The government opposes Defendant's motion for compassionate release because Defendant failed to exhaust his administrative remedies. (ECF No. 613.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motions.

**I.     Background**

On March 4, 2015, Defendant was charged in a third superseding indictment with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO Conspiracy") under 18 U.S.C. 1962(d), Murder in Aid of Racketeering Activity in violation of 18 U.S.C. §§ 1959(a)(1) and (2), Using and Carrying a Firearm During and in Relation to a Crime of Violence Causing Death in violation of 18 U.S.C. § 924(j), and Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c). (ECF

1

No. 152.) The charges against Defendant stemmed from his participation in and association with the Bounty Hunter Gang, a violent street gang associated with the Bounty Hunters Watts and Bloods street gangs of Los Angeles.

On June 23, 2015, Defendant pleaded guilty to RICO Conspiracy pursuant to a Rule 11 plea agreement. (ECF No. 281.) In that plea agreement, the parties recommended that the Court find Defendant's guideline range to be life imprisonment. (*Id.*) The parties agreed, however, that pursuant to Federal Rule of Civil Procedure 11(c)(1)(C), Defendant's sentence of imprisonment should not exceed 240 months. (*Id.*)

On December 17, 2015, this Court sentenced Defendant to a 210-month term of imprisonment. In imposing sentence, the Court exercised its discretion and varied downward from the 240-month term agreed to by the parties in the Rule 11 plea agreement. Defendant remains incarcerated today and is currently being held at FCI Fairton in Fairton, New Jersey. His projected release date is May 5, 2031.

Defendant now moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He also requests, through several letter motions, that the Court explain to him how his sentencing guideline range was calculated so that he may be able to reduce his sentence through a subsequent motion. Finally, Defendant asks the Court to give him time off of his federal sentence for the year he spent in Wayne County Jail pursuant to a sentence imposed by the Third Judicial Circuit Court of Michigan.

II.   **Law and Analysis**

   A.   **Motion for Compassionate Release**

By statute, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But that rule comes with a few exceptions, one of which

permits compassionate release. Under this authority, a motion for reduction in sentence for "extraordinary and compelling reasons" can be filed with the court if the defendant has exhausted his administrative remedies. *See United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)). Once a defendant exhausts his remedies, the Court may consider his motion by determining (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether such a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission; and (3) whether the balance of relevant sentencing factors weighs in favor of early release. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, Defendant has not alleged that he submitted a request for early release to the Bureau of Prisons, nor has he produced any documentary evidence to prove that he has exhausted his administrative remedies. Thus, his motion is denied on that basis. The Court notes, however, that even if Defendant had submitted evidence of exhaustion, Defendant does not meet the other requirements for compassionate release outlined by the Sixth Circuit. *See Elias*, 984 F.3d at 518. First, Defendant does not provide extraordinary and compelling reasons for a sentence modification. He states in his motion that he has not been charged with any crimes since 2009 and has not been accused of violent conduct since he has been incarcerated. But "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *United States v. Jones*, 980 F.3d 1098, 1109 n. 16 (quoting 28 U.S.C. § 994(t)). Additionally, the Court finds that the balance of § 3553(a) factors does not favor early release.

3

**B.   Letter Motions**

In regards to Defendant's letter requests sent to the Court in November of 2020, May of 2021, and September of 2021, the Court encourages Defendant to speak with a competent attorney if he has questions regarding his case or sentence. The Court is unable to provide legal advice. For this reason, his letter requests are denied. The Court notes, however, that while Defendant is encouraged to speak with an attorney for answers to his questions, to the extent Defendant seeks to learn more about his case to lessen his term of incarceration through additional motions, he should first refer to the statute cited above and the limitations on this Court's authority after sentencing.

**III.   Conclusion**

For the foregoing reasons, Defendant's motion for compassionate release (ECF No. 612) and Defendant's letter motions (ECF Nos. 581, 604, 616) are DENIED.

SO ORDERED.

Dated: October 21, 2021

s/ Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2021, by electronic and/or ordinary mail.

s/ Lisa Bartlett  
Case Manager